## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT

I, Michael W. Haynie, being duly sworn and under oath state the following:

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI). I have been employed by the FBI since March of 2001. I am currently assigned to the Akron Resident Agency of the Cleveland Field Division. Prior to becoming a Special Agent with the FBI, I was a police officer for the Liberty Township Police Department outside of Youngstown, Ohio, from 1994 to 2001.

2. As a Special Agent with the FBI, I currently investigate a variety of criminal matters to include violent crimes and drug trafficking offenses.

3. I am submitting this affidavit in support of an Application for an Arrest Warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. 3052, authorizing the arrest of **TIONTE BLANCHARD**, date of birth XX/XX/1996.

4. I have personally participated in the investigation set forth below. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other agents and law enforcement officers; from my discussions with witnesses involved in the investigation; and from my review of records and reports relating to the investigation. Unless otherwise noted, wherever in this Affidavit I assert that a statement was made, the information was provided by another Special Agent, law enforcement officer or witness who had either direct or hearsay knowledge of that statement and to whom I, or others, have spoken or whose reports I have read or reviewed. Since this Affidavit is submitted for the limited purpose of securing an Arrest Warrant, I have not included details of every aspect of the investigation.

5. Based upon the investigation to date, I assert probable cause exists to believe that on or about July 12, 2019 in the Northern District of Ohio, **TIONTE BLANCHARD** did possess with intent to distribute a controlled substance, specifically crystal methamphetamine, in violation of Title 21 U.S.C. 841(a)(1). Additionally, this drug trafficking offense was furthered by **BLANCHARD's** possession of a loaded, 9mm semi-automatic handgun, in violation of Title 18 U.S.C. 924(c).

## BACKGROUND OF THE INVESTIGATION

6. On or about July 12, 2019, uniformed officers of the Akron Police Department were on routine patrol in the area of a gas station/convenience store located at 1281 Copley Road, Akron, Ohio.

7. The officers observed a Silver Jeep Grand Cherokee bearing Ohio license plate HSM1341 parked at one of the gas pumps. The officers were familiar with the vehicle and its registered owner through previous contacts. The officers were also aware that the registered owner of the vehicle possessed a suspended driver's license and had recently been arrested in the State of West Virginia for drug trafficking and weapons offenses.

8. The officers approached the vehicle as it sat parked at the gas pump and observed that **TIONTE BLANCHARD** was the driver of the vehicle, as opposed to the registered owner. **BLANCHARD** was known by the officers from prior contacts and they were aware that he had an active arrest warrant issued through their department. While speaking with **BLANCHARD**, the officers observed an open bottle of liquor near **BLANCHARD's** leg and detected the strong odor of marijuana coming from inside the vehicle.

9. During a subsequent search of the vehicle, the officers noticed that the control panel for the windows and locks on the driver's side door appeared to have been popped out of place. While searching this area, the officers located a loaded Glock 9mm semiautomatic handgun and a plastic baggy containing a suspected controlled substance.

10. In my experience, I have observed that persons engaged in drug trafficking activities often times carry weapons as a means of protecting their illegal products and the proceeds generated by their sale.

11. While **BLANCHARD** was seated in the rear of a police vehicle, he was advised of his right to remain silent and his right to an attorney during questioning. After being made aware of his rights, **BLANCHARD** admitted that the firearm and suspected controlled substances recovered from the compartment in the driver's side door were his.

12. Officers later conducted a presumptive field test on the suspected controlled which returned as positive for the presence of methamphetamine. Further laboratory testing will be conducted. The recovered plastic baggy and suspected methamphetamine had a total package weight of 113 grams.

13. In my experience this quantity of methamphetamine is larger than that possessed for personal use. This amount of methamphetamine is consistent with what would be possessed by a person engaged in drug trafficking activities.

13. During a search incident to arrest, **BLANCHARD** was also found to be in possession of $1,600 cash. In my experience, persons engaged in drug trafficking often times carry large sums of currency that have been generated through the sale of their illegal products.

14. I have reviewed the criminal history of **TIONTE BLANCHARD**. It revealed that he was convicted in April of 2018 in the Summit County Court of Common Pleas for Possession of Drugs, a Felony of the Fifth Degree. This conviction makes it illegal for **BLANCHARD** to possess a firearm under Ohio law.

16. Based upon this information, I respectfully request that a Warrant be issued authorizing law enforcement officers to arrest **TIONTE BLANCHARD** for a violation of Title 21, United States Code, Section 841(a)(1), possession with intent to distribute a controlled substance and Title 18, United States Code, Section 924(c), possession of a firearm in furtherance of a drug trafficking offense.

Michael W. Haynie
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me on this 19th day of July, 2019.

KATHLEEN B. BURKE
UNITED STATES MAGISTRATE JUDGE